UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELIYEZER TAKHALOV,

                              Plaintiff,

            - against -

HASC CENTER, INC., BLIMA DRUKER, and MARK
SHMULIE SCHWARTZ,

                              Defendants.

Civil Docket No.:

**COMPLAINT**

## NATURE OF THE ACTION

1.      Plaintiff, ELIYEZER TAKHALOV ("Plaintiff"), brings this action against Defendants,

HASC CENTER, INC., BLIMA DRUKER, and MARK SHMULIE SCHWARTZ (collectively

"Defendants"), to seek redress for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 201 *et seq.*, New York Labor Law ("NYLL") § 193 and 195, *et. seq.*, 12 N.Y. Codes, Rules, and

Regulations ("NYCRR") § 142 *et. seq.*, New York Executive Law ("NYEL") § 290, § 296(7), *et*

*seq.*, the Administrative Code of the City of New York 8-107, *et seq.*, and applicable regulations.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims set forth herein

pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because these claims involve federal

questions regarding the deprivation of his rights under federal law.

3.      This Court has supplemental jurisdiction over the NYLL, NYCRR, NYEL, and

Administrative Code of the City of New York claims set forth herein pursuant to 28 U.S.C. § 1367

because these claims closely relate to the federal claims under FLSA, having arisen from a

common nucleus of operative facts, such that they form part of the same case or controversy.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside within the Eastern District of New York and a substantial part of the events or omissions giving rise to the claim occurred therein.

**PARTIES**

5. Plaintiff, ELIYEZER TAKHALOV, is an individual residing in the State of New York.

6. Defendant, HASC CENTER, INC., is a corporation registered and authorized to do business in the State of New York.

7. Defendants, BLIMA DRUKER and MARK SHMULIE SCHWARTZ, are the managers and operators of Defendant, HASC CENTER, INC. They are sued in their individual capacities as Plaintiff's employers.

8. At all times relevant and material to this action, Defendants employed Plaintiff to work in the State of New York and have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

9. As set forth below, and at all times relevant and material to this action, Defendants constituted Plaintiff's "employers" under the FLSA and the NYLL in that they had the power to hire and fire Plaintiff, control the terms and conditions of his employment, maintain employment records, and determine the rate and method of compensation provided to him.

10. Upon information and belief, and as described below, Defendant, HASC CENTER, INC., constitutes an "enterprise" under the FLSA and engaged in commerce whose gross annual revenue is at least $500,000.

11. As more fully set forth below, Plaintiff has been regularly involved in interstate commerce as Defendants' employee by handling goods and materials that moved in commerce and originated out of state.

## FACTS

12.     At all relevant times herein, Defendant, HASC CENTER, INC., is a domestic corporation providing services for individuals with developmental disabilities in the State of New York.

13.     At all relevant times herein, Defendant, HASC CENTER, INC., maintained a practice and policy of assigning Plaintiff to work more than forty ("40") hours per week without paying him the applicable overtime hourly rate for all hours worked in excess of forty ("40") hours per week, in violation of the FLSA and NYLL.

14.     Defendants' failure to comply with the FSLA and NYLL caused Plaintiff, ELIYEZER TAKHALOV, to suffer loss of wages and interest thereon.

15.     At relevant times herein, Plaintiff, ELIYEZER TAKHALOV's, work was performed in the normal course of Defendants' business and did not involve executive or administrative responsibilities.

16.     Plaintiff, ELIYEZER TAKHALOV, was employed by Defendants from approximately November 1, 2019, through approximately March 26, 2022.

17.     Plaintiff, ELIYEZER TAKHALOV, was employed as a Direct Support Professional providing on-site support for adults with developmental disabilities at Defendants' Brooklyn facility.

18.     On average, Plaintiff, ELIYEZER TAKHALOV, worked approximately sixty ("60") hours a week.

19.     From approximately December 8, 2019, through January 4, 2020, Plaintiff, ELIYEZER TAKHALOV,'s hourly rate was sixteen dollars ($16.00).

20.     From approximately January 5, 2020, through May 22, 2021, Plaintiff, ELIYEZER TAKHALOV,'s hourly rate was sixteen dollars and eighty-three cents ($16.83).

21.  From approximately May 23, 2021, through January 29, 2022, Plaintiff, ELIYEZER TAKHALOV,'s hourly rate was seventeen dollars and eighty-three cents ($17.83).

22.  From approximately January 30, 2022, through March 26, 2022, Plaintiff, ELIYEZER TAKHALOV,'s hourly rate was eighteen dollars and eighty-three cents ($18.83).

23.  Despite the above hourly rates, Plaintiff, ELIYEZER TAKHALOV, was only paid fifteen dollars ($15.00) per hour for several pay periods between March of 2020 and March of 2022.

24.  Plaintiff, ELIYEZER TAKHALOV, was also entitled to receive from the Defendant his share of various government-sponsored bonuses for working during the COVID-19 pandemic, including, but not limited to funds under the American Rescue Plan Act and the NYS Healthcare Bonus Program.

25.  At all relevant times herein, Plaintiff, ELIYEZER TAKHALOV, did not receive pay for all hours he worked for the Defendants.

26.  At all relevant times herein, Plaintiff, ELIYEZER TAKHALOV, did not receive his share of the government-sponsored bonuses for working during the COVID-19 pandemic.

27.  At all relevant times herein, Plaintiff, ELIYEZER TAKHALOV, never received the applicable overtime premium for hours worked in excess of forty ("40") hours per week.

28.  Plaintiff, ELIYEZER TAKHALOV's, pay was almost always delayed.

29.  Plaintiff, ELIYEZER TAKHALOV, never received a hiring notice from Defendants.

30.  Plaintiff, ELIYEZER TAKHALOV, only received a few correct wage statements from Defendants.

31.  Defendants' failure to pay Plaintiff, ELIYEZER TAKHALOV, wages and overtime, as well as to provide him with a hiring notice and correct wage statements, was willful and lacked a good faith basis.

32.     The improper workplace conditions and an overall hostile workplace environment during the course of Plaintiff, ELIYEZER TAKHALOV's, employment ultimately resulted in Plaintiff's unlawful termination due to his opposition to said conditions and environment created by Defendants.

33.     Plaintiff, ELIYEZER TAKHALOV, complained multiple times to Defendants regarding their failure to pay his wages and overtime as well as the frequent delays in receiving pay for his work.

34.     Plaintiff, ELIYEZER TAKHALOV, was further subjected to unlawful discrimination because he was a member of a different denomination of Judaism.

35.     Plaintiff, ELIYEZER TAKHALOV, was frequently subjected to various offensive comments and actions due to him not being "orthodox" enough in his religious beliefs and conduct.

36.     Plaintiff, ELIYEZER TAKHALOV, was forced to perform additional work for Defendants without receiving additional and adequate compensation.

37.     Plaintiff, ELIYEZER TAKHALOV, was also once assaulted at Defendants' place of business by a coworker whom Plaintiff had previously reported his concerns about to Defendants.

38.     Defendants ignored Plaintiff, ELIYEZER TAKHALOV, previous reports regarding said coworker's aggressive behavior.

39.     Ultimately, said coworker's aggressive behavior escalated into an assault of the Plaintiff, ELIYEZER TAKHALOV.

40.     The assault took place on a Saturday during Shabbat.

41.     Resultantly, Plaintiff, ELIYEZER TAKHALOV, was forced to make a telephone call to Defendants on said Saturday during Shabbat to report the assault and seek guidance as to how to proceed thereafter.

42.     Plaintiff, ELIYEZER TAKHALOV, was reprimanded for making a telephone call to Defendants during Shabbat.

43.     Plaintiff, ELIYEZER TAKHALOV, was also reprimanded for leaving his workplace following the assault as he was expected to remain there given Defendants' unavailability during Shabbat.

44.     Shortly thereafter, Plaintiff, ELIYEZER TAKHALOV, was terminated from his employment with the Defendants.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Unpaid Overtime under FLSA)

45.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

46.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

47.     At all relevant times, Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty ("40") hours per week at a rate of one-and-a-half times their regular rate in violation of 29 U.S.C. § 201 *et. seq.*

48.     Defendants' foregoing conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

49.     As a result of the foregoing violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (Unpaid Overtime under NYLL)

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

51. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

52. NYLL § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

53. Plaintiff worked more than forty ("40") hours a week while working for Defendants.

54. At all relevant times to this action, Defendants failed to pay Plaintiff the applicable overtime hourly rate for all hours worked in excess of forty ("40") per work week, in violation of NYLL § 650 et seq. and 12 NYCRR § 142-2.2.

55. Defendants' failure to pay wages and overtime compensation to Plaintiff for work performed after the first forty ("40") hours worked in a week was willful.

56. By the foregoing reasons, Defendants have violated NYLL § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
### (Unpaid Wages under NYLL)

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

58. Pursuant to Article Six of the NYLL, workers such as the Plaintiff are protected from wage underpayments and improper employment practices.

59. Pursuant to Labor Law § 191, and the cases interpreting same, workers such as Plaintiff are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

60. Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff that is not otherwise authorized by law or by the employee.

61. Defendants have failed to pay Plaintiff all wages due for the hours he worked for Defendants.

62. Further, Defendants failed to pay Plaintiff his share of the government-sponsored bonuses for working during the COVID-19 pandemic.

63. Pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions by withholding wages owed to Plaintiff.

64. Defendants' failure to comply with the NYLL caused Plaintiff to suffer loss of wages and interest thereon.

65. Defendants' failure to comply with the NYLL was willful.

66. Due to Defendants violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid bonuses, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### (Failure to Provide Wage Statements under NYLL)

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

68. New York Labor Law § 195(3) requires employers to "furnish each employee with a statement with every payment of wages."

69.     At all times relevant to this action, Defendants failed to furnish Plaintiff with multiple wage statements as required by NYLL § 195(3).

70.     Most of the wage statements provided by the Defendants were incorrect.

71.     Defendants' failure to furnish Plaintiff with wage statements was willful.

72.     By the foregoing reasons, Defendants have violated NYLL § 195(3) and are liable to Plaintiff in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### (Failure to Provide Hiring Notices under NYLL)

73.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

74.     New York Labor Law § 195(1)(a) requires employers to furnish "in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

75.     At all times relevant to this action, Defendants failed to furnish Plaintiff with a hiring notice as required by NYLL § 195(1)(a).

76.     Defendants' failure to furnish Plaintiff with a hiring notice was willful.

77.    By the foregoing reasons, Defendants have violated NYLL § 195(1)(a) and are liable to Plaintiff in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### (Discrimination Pursuant to New York Executive Law)

78.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

79.    New York State Executive Law § 296(1)(a) provides in pertinent part that, "For an employer or licensing agency, because of an individual's creed (…) to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in compensation or in terms, conditions, or privileges or employment."

80.    The Defendants herein created and maintained improper working conditions and a hostile work environment and discriminated against the Plaintiff due to him being a member of a different denomination of Judaism.

81.    By the foregoing reasons, Defendants have violated New York State Executive Law § 296(1)(a) and are liable to Plaintiff in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
### (Discrimination Pursuant to New York City Law)

82.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

83.    The New York City Administrative Code Title 8, § 8-107(1)(a) provides in pertinent part that, "an employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was

committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct."

84.    The New York City Administrative Code Title 8, § 8-107(13), entitled "Employer Liability for Discriminatory Conduct by Employee, Agent, or Independent Contractor" provides that:

> "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision 1 or 2 of this section only where:
>
> (1)   The employee or agent exercised managerial or supervisory responsibility; or
> (2)   The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
> (3)   The employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

85.    The Defendants herein engaged in an unlawful practice by creating and maintaining discriminatory working conditions and a hostile work environment and otherwise discriminating against Plaintiff as a result of him being a member of a different denomination of Judaism.

86.    Defendant, HASC CENTER, INC., is additionally strictly liable for the discriminatory actions of Defendants, BLIMA DRUKER, and MARK SHMULIE SCHWARTZ, under all of the applicable paragraphs of the New York City Administrative Code, Section 8, § 8-107(13).

87.    By the foregoing reasons, Defendants have violated New York City Administrative Code Title 8, § 8-107(1)(a) and are liable to Plaintiff in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION
### (Retaliation in Violation of the New York Executive Law)

88.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

89. New York State Executive Law § 296(7) provides that, "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

90. Defendants herein violated Executive Law § 296(7) herein by retaliating against Plaintiff with respect to the terms, conditions, and/or privileges of employment on the basis of Plaintiff's opposition to unlawful practices.

## NINTH CAUSE OF ACTION
### (Retaliation in Violation of the New York Executive Law)

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained within the above paragraphs of the Verified Complaint with the same force and effect as though more fully set forth at length herein.

92. New York State Executive Law § 296(6) provides that, "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

93. Defendants herein violated Executive Law § 296(6) herein by aiding, abetting, inciting, compelling, and coercing acts, or attempted to do so, regarding the abovementioned discriminatory, unlawful, and retaliatory conduct.

## TENTH CAUSE OF ACTION
### (Retaliation in Violation of the New York Executive Law)

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained within the above paragraphs of the Verified Complaint with the same force and effect as though more fully set forth at length herein.

95. New York State Executive Law § 296(1)(e) provides in pertinent part that, "[i]t shall be an unlawful discriminatory practice…(f)or any employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

96. Defendants herein violated Executive Law § 296(1)(e) by retaliating against the Plaintiff with respect to the terms, conditions, and/or privileges of employment on the basis of Plaintiff's opposition to Defendants inherently unlawful practices.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following:

97.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL.

98.     A compensatory award of unpaid compensation, at the statutory overtime rate, due to Plaintiff under the FLSA and the NYLL.

99.     A compensatory award of unpaid wages under the FLSA and the NYLL.

100.    An award of any bonuses to which the Plaintiff was entitled during his employment with Defendants.

101.    An award of liquidated damages as a result of Defendants' willful failure to pay wages and statutory overtime compensation pursuant to 29 U.S.C. § 216.

102.    An award of liquidated damages as a result of Defendants' willful failure to pay wages and statutory overtime compensation pursuant to the NYLL.

103.    An award of statutory penalties for Defendants' failure to provide Plaintiffs with wage statements and hiring notices pursuant to the NYLL.

104.    An award of damages for wrongful termination and retaliation.

105.    An award of back pay.

106.    An award of punitive damages.

107.    An award of pre- and post-judgment interest.

108.    An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and such other and further relief this Court deems just and proper.

Dated: October 14, 2024
       Brooklyn, New York

**JODRE BRENECKI, LLP**

Nicole Brenecki, Esq.
101 North 10th Street – Suite 303
Brooklyn, NY 11249
T.: (347) 563-2605
Email: nicole@jodrebrenecki.com